OPINION OF THE COURT
Charles G. Heine, J.
Plaintiff’s motion for an order recalling the order of this court dated February 27, 1987, reinstating the complaint herein, and striking the first and third affirmative defenses *190 imposed by the defendants in their answer is hereby granted. The court in its original decision dismissed plaintiffs complaint sua sponte on the grounds that plaintiff failed to comply with the pleading requirements provided in CPLR 3015 (e). Specifically, this section requires that the plaintiff state in its complaint "as part of the cause of action, that plaintiff is duly licensed and shall contain the name and number, if any, of such license and the governmental agency which issued such license”.
The statute goes on further to provide "that where plaintiff does not have a license at the commencement of the action the plaintiff may * * * amend the complaint with the name and number of an after-acquired license and the governmental agency which issued such license” (emphasis added).
The court based its original decision upon the fact that plaintiff failed to plead the fact that it was currently licensed in the County of Nassau. Plaintiff in his reargument informs the court that he was licensed at the time the cause of action arose, although not in possession of a license at the time the action was commenced. The plaintiffs license was revoked after a formal hearing was conducted by the Nassau County Office of Consumer Affairs on May 20, 1985. The plaintiff entered into a contract with defendant for home improvement on July 12, 1984. This court is of the opinion that it was not the intent of the Legislature to preclude a plaintiff from suing under the circumstances at bar.
For example, if a contractor was licensed to perform contractual work within the county and continued to renew such license for 20 years and later did not renew said license because he wanted to retire, such a contractor would be entitled to payment for all the work that he had done. If he chose to avail himself of judicial process in order to collect fees due and owing to him, he, therefore, should not be prohibited from using the courts of the County of Nassau to do so.
Similarly, the result should be the same for a contractor whose license was revoked by the Department of Consumer Affairs. Revocation of a contractor’s license does not necessarily mean that all of the contractor’s work was inferior. He is still entitled to payment for services that were rendered in a workmanlike manner. The Legislature did not intend for a contractor to lose his interest in thousands of unpaid accounts because a current valid license was no longer in effect at the *191 time of the commencement of an action. That part of CPLR 3015 (e) which provides for a contractor to obtain a license after commencement of the action and then later amend his complaint lends credence to the opinion of this court. Logic dictates that the Legislature when speaking of a "contractor not licensed” did not equate this term with a "contractor who, formerly held a valid license”. That interpretation would lead to a denial of a contractor’s due process rights to any outstanding accounts stated. It would be an unconstitutional deprivation of property if a contractor were forced to lose claims which had accrued because his license was revoked. His position should be no different than the contractor who chose not to renew his license.
Another example in support of our interpretation of CPLR 3015 (e) would be a contractor who decides to close up shop. However, while operating his business, he permitted his clients to pay by the installment method. Three years after the termination of his business, one such client defaults in payments. The contractor’s failure to renew his license would mean that the contractor has to forfeit his right to institute an action against such a client.
This court does not feel that this was the intention of the Legislature. It is our opinion that the purpose of the statute is to require certain contractors to comply with local licensing laws before they may be permitted to use the courts.
This decision is not inconsistent with the intent of the Legislature to protect the consumer. The plaintiff contractor was licensed at the time he contracted to perform services for the consumer, and, as well, at the time said work was performed. In fact, the consumer will be afforded greater protection under this scenario by virtue of the fact that under the statute an unlicensed contractor can become licensed after performance of the work and thereafter sue for work he performed while unlicensed!
In concluding, if a contractor is properly licensed at the time he performs the work, he has an immediate right to maintain an action in our courts for payment for services rendered. He, therefore, cannot subsequently lose this right if the work is completed prior to the termination/revocation of his license. To hold otherwise would be to penalize those contractors who obeyed the law and chose to forebear on *192 judicially processing their claims for moneys due and owing until a later date.
For the reasons stated herein, the original order of this court is hereby recalled and plaintiffs complaint reinstated. The defendant’s first and third affirmative defenses are hereby stricken in accordance with the provisions articulated herein.